DISTRICT OF OREGON
**F I L E D**
September 20, 2021
Clerk, U.S. Bankruptcy Court

Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Barbara K. Parmenter,<br><br>               Debtor. | Case No. 09-60875-tmr11 |
| Barbara K. Parmenter,<br>               Plaintiff,<br><br>    v.<br><br>Wilmington Savings Fund Society FSB, et al.,<br><br>               Defendants. | Adv. Proc. No. 21-6029-tmr<br><br>Memorandum Opinion[1] |

Plaintiff Barbara K. Parmenter, as "Debtor," filed a document entitled "Motion to Open an Adversarial Proceeding" naming Wilmington Savings Fund Society FSB, Shellpoint Mortgage Servicing, Toby and Kaweah Close, Mother of Kaweah Close to be identified, and Dillon Jay Odenbaugh in the caption as "Appellees." The filed document served as a complaint

---

[1] This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases. It may, however, be cited for whatever persuasive value it may have.

Page 1 of 9 – Memorandum Opinion

opening this adversary proceeding. In addition to the named parties, the document listed other parties by reference in the adversary proceeding cover sheet. Plaintiff also requested a waiver of the adversary filing fee by filing a "Motion to Leave to Proceed In Forma Pauperis."

Acting on its own motion, the court has reviewed the complaint and taken judicial notice of documents and orders filed in the bankruptcy case and related proceedings including district court actions and appeals. Some of the related proceedings are identified below, and the court has reviewed those filings from the public docket. For the reasons set out below, the court has determined that this adversary proceeding should be dismissed.

**Background**

Plaintiff commenced her chapter 11 bankruptcy case on March 5, 2009, by filing a voluntary petition for relief. *See* Case No. 09-60875, Doc. 1.[2] Based on a motion filed by a creditor (Doc. 120), the bankruptcy court held an evidentiary hearing on March 17, 2010, and it ordered the appointment of a chapter 11 trustee (Doc. 142). Plaintiff appealed the order, which the District Court for the District of Oregon affirmed by order and judgment (Doc. 563 and 564) after finding "no basis for reversing" the order. Doc. 563.

On March 3, 2011, after a contested hearing, the bankruptcy court granted the trustee's motion to abandon the real property referenced in Plaintiff's complaint (888 South 57th Street, Springfield, Oregon). Doc. 457. Following abandonment, the real property was no longer property of the bankruptcy estate. *See* 11 U.S.C. § 554(a). Because it was no longer property of the bankruptcy estate, the automatic stay terminated with respect to the property. *See* 11 U.S.C. § 362(c)(1).

---

[2] Unless otherwise referenced, all docket numbers refer to documents filed in the main bankruptcy case, Bankruptcy Case No. 09-60875.

After the abandonment, the trustee obtained confirmation of an amended plan of reorganization pursuant to a bankruptcy court order entered April 26, 2011 (Doc. 545), as amended by order entered May 3, 2011 (Doc. 552). Plaintiff appealed the confirmation order by filing a notice of appeal (Doc. 576), with the notice of appeal amended twice (Doc. 587) and (Doc. 588). The Bankruptcy Appellate Panel dismissed the appeal for lack of jurisdiction, because it was filed late. Doc. 617 ("response does not set forth any legally sufficient explanation"). After finding that the bankruptcy estate had been fully administered, the bankruptcy court entered a final decree closing the bankruptcy case on October 7, 2011. Doc. 663.

More than three years later, on December 19, 2014, Plaintiff filed a motion to reopen the bankruptcy case seeking to, among other things, address lenders who have continued "to violate and ignore the court order" by proceeding with "stated disallowed collections and foreclosures." Doc. 673. The bankruptcy court reopened the case by order entered December 30, 2014. Doc. 675. As part of the reopening, the bankruptcy court prohibited Plaintiff from again moving to reopen the case without a showing that she was prepared to immediately file an appropriate motion or complaint. Doc. 686. On May 14, 2015, the bankruptcy court entered an order granting a chapter 11 individual debtor's discharge and closing the case for a second time. Doc. 721.

On May 16, 2017, the bankruptcy court entered an order reopening the case for the limited purpose of considering two documents filed by Plaintiff purporting to remove pending state circuit court cases. Doc. 743. The bankruptcy court entered orders remanding both cases back to state court. *See* Adv. Proc. No. 17-6051 (Nationstar) and 17-6052 (Wells Fargo). Those dockets show that the District Court affirmed the remand orders, and the Ninth Circuit dismissed the appeals for lack of jurisdiction. The bankruptcy court entered an order discharging the trustee

and closing the bankruptcy case for a third time on August 16, 2017. Doc. 751. The bankruptcy case has remained closed since that date. The conduct Plaintiff complains about in this adversary proceeding occurred after the bankruptcy case closed in 2017 and relate to the state court foreclosure of the real property.

**Adversary Complaint**

In her complaint, Plaintiff states that she is making a "special appearance" and provides notice of a "special visitation." *See* Adv. Proc. Doc. 1, paragraphs 1 and 2 on page 4. Under the Federal Rules of Civil Procedure, these types of limited appearances don't really have any meaning, especially for a plaintiff who filed the complaint and chose the forum. It appears that, through these notations, Plaintiff again contests the jurisdiction of this court to address the matters raised in Plaintiff's filings. She states that she is "waiving no rights at any time, especially her rights to challenge personal jurisdiction in the first instance." Adv. Proc. Doc. 1, paragraph 2 on page 4.

Plaintiff appears to seek relief from a state court foreclosure of the real property located at 888 South 57th Street, Springfield, Oregon. Although the complaint does not cite to a specific case number, the attached sheriff's deed refers to a foreclosure writ of execution issued out of Lane County Circuit Court, Case Number 18CV56955. Adv. Proc. Doc. 1, attachment. According to the state court docket, that case commenced on December 14, 2018, and has been closed since 2019. Plaintiff quotes the bankruptcy court order confirming the plan of reorganization for the proposition that the real property vested in Plaintiff free and clear of all claims and interests of creditors and challenges the foreclosure on that basis. Adv. Proc. Doc. 1, page 6.

As described above, the trustee abandoned the real property in March 2011, prior to the plan confirmation. To address the two claims secured by the real property, and to comply with the requirements of 11 U.S.C. § 1123, the plan created Class 3 and Class 4. The treatment of the claims in those classes specified that those creditors would retain their liens against the real property and may enforce their rights and remedies against the property. To remove all ambiguity, the plan further noted that the real property had been abandoned by bankruptcy court order. *See* Doc. 545 (order confirming plan with attached final version of plan). In summary, the real property at issue here was no longer property of the estate, the creditors retained all their liens and enforcement rights against the property, and the "free and clear" language referenced by Plaintiff did not apply to this specific property.

In paragraph 10 of the complaint, Plaintiff asserts "the right to remove her case" and then references a case (1:17-cv-01388) from the District Court for the District of Columbia. The complaint does not specify a case that Plaintiff intends to remove. If she intends to remove a state court case, she has not identified such a case and has not followed the proper removal procedure. *See* Doc. 743 (prior bankruptcy court order describing removal procedure under Federal Rule of Bankruptcy Procedure 9027). If she intends to remove this adversary proceeding or the closed bankruptcy case, a federal case cannot be removed to another federal court. This issue was previously addressed by the District Court for the District of Columbia in Case 1:17-cv-01388. *See* Minute Order from that case entered December 14, 2017 ("removal to this Court is wholly unauthorized"). According to that minute order, the District of Columbia court disagreed with Plaintiff that it had jurisdiction over any of the claims, and the case closed on December 14, 2017. *See also* Order Denying Change of Venue in this bankruptcy case. Doc. 685 ("No legal basis exists for removing a case originating in federal court.").

This is not the only time Plaintiff has requested the same or similar relief in this court and in other courts. In this bankruptcy case, the bankruptcy court has denied a request for pro bono counsel and for accommodations (Doc. 451 and Doc. 630), denied a request for change of venue (Doc. 685), and prohibited and enjoined her from filing a motion to reopen or a complaint without a showing that she is prepared to file the necessary document (Doc. 686). It has also explained the limitations on the appointment of pro bono counsel, as well as the entitlement to an attorney and accommodations for disabilities. *See* Letters to Debtor, Doc. 368 and 630.

In the District Court for the District of Columbia, Case No. 1:17-cv-01388, the court denied Plaintiff's request for removal to address alleged conflicts with the case dismissed. That court denied a second request for removal of the Lane County foreclosure case in Case No. 1:19-cv-03106 and a third request for removal in Case No. 1:19-cv-03251 and a fourth request for removal in Case No. 1:19-cv-03472.

In addition, Plaintiff had the order appointing the chapter 11 trustee affirmed on appeal along with her requests for pro bono assistance and additional legal assistance denied. The District Court for the District of Oregon has denied Plaintiff's similar requests for relief in Case No. 6:15-cr-00506 (request for accommodations), Case No. 6:17-cv-01742 (denial of preliminary injunction to stop foreclosure), Case No. 6:17-cv-01743 (denial of preliminary injunction to stop foreclosure), Case No. 6:17-cv-01997 (denial of preliminary injunction to stop foreclosure), Case No. 6:19-cv-00416 (denial of request for removal), and Case No. 6:20-cv-00792 (denial of preliminary injunction, removal, and accommodations).

**Lack of Jurisdiction**

Congress limited bankruptcy jurisdiction to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Although bankruptcy

jurisdiction vests in the federal district courts, the district courts may refer that jurisdiction to the bankruptcy courts of the district. 28 U.S.C. § 157(a). The Oregon District Court has made the required referral with Local District Court Rule 2100-2(a). *See also Battle Ground Plaza, LLC, v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010) (discussion of bankruptcy jurisdiction). For the bankruptcy court to have jurisdiction in this proceeding, Plaintiff's claims must fall within one of the categories described in the statute.

An action qualifies as "arising under" the Bankruptcy Code "if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code." *Ray*, 624 F.3d at 1131. Although Plaintiff's complaint references abandonment, removal, and the automatic stay, and the cover sheet says it seeks recovery of money or property under 11 U.S.C. §§ 542, 547, and 548, Plaintiff's claims described in her complaint only challenge the state court foreclosure and do not arise under the Bankruptcy Code.

Proceedings "arising in" bankruptcy cases are administrative matters "unique to the bankruptcy process" that would not exist outside of bankruptcy and "could not be brought in another forum." *Ray*, 624 F.3d at 1131. Likewise, the claims here are not "expressly rooted in the Bankruptcy Code" and could be brought in the state court. *Id.* Therefore, Plaintiff's claims do not arise in a case under the Bankruptcy Code.

Finally, a claim could be "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *See Sea Hawk Seafoods, Inc. v. State of Alaska (In re Valdez Fisheries Development Ass'n, Inc.)*, 439 F.3d 545, 547 (9th Cir. 2006). "Related to" jurisdiction can be broad, but after plan confirmation the bankruptcy courts must apply the "close nexus test" which asks whether there is a close nexus to the case or confirmed plan sufficient to support jurisdiction. *State of Montana v. Goldin*

*(In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1194 (9th Cir. 2005); *Valdez Fisheries*, 439 F.3d at 548. These claims asserted by Plaintiff do not require interpretation of the confirmed plan or affect the implementation or execution of the plan, and they would not have any effect on the bankruptcy estate or its creditors. Therefore, they have no close nexus. *See Pegasus Gold*, 394 F.3d at 1194 (must affect implementation or execution of plan); and *Valdez Fisheries*, 439 F.3d at 547 (no "related to" jurisdiction after plan confirmation and vesting of estate property), *citing Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988).

In summary, the result here is clear: the bankruptcy court is without jurisdiction in this matter. The real property described in the complaint was abandoned pursuant to the order entered March 3, 2011. Doc. 457. At the time the plan was confirmed, it was not property of the bankruptcy estate, and the plan provided that the creditors would retain their liens and all their related rights. Even if Plaintiff recovers on her claims, they will not benefit the bankruptcy estate. Plaintiff complains about conduct that occurred well after confirmation of the plan and the closing of the bankruptcy case, and it is related to a state court foreclosure proceeding. Therefore, all rights and liabilities with respect to the real property and any person claiming an interest in the property is purely a matter of state law best left to the state court.

None of the claims raised by Plaintiff are new, and multiple courts have denied these same claims. The courts have repeatedly dismissed the claims and explained the reasons for the dismissal. There must be a limit to these filings, especially in a bankruptcy case closed since 2017.

**Conclusion**

For the foregoing reasons, the court will enter an order dismissing this adversary proceeding. Plaintiff has requested a waiver of the filing fee, which the court will grant this one

time only, to allow the filing without the need for payment of the adversary filing fee. Plaintiff's "Motion to Leave to Proceed In Forma Pauperis" is otherwise denied.

cc:    Barbara K. Parmenter
       Wilmington Savings Fund Society FSB
       Shellpoint Mortgage Servicing
       Toby Close
       Kaweah Close
       Mother of Kaweah Close, to be identified
       Dillon Jay Odenbaugh
       U.S. Department of Justice, Office of Violence Against Women
       Federal Bureau of Investigation, Mortgage Fraud Division
       Federal Bureau of Investigation, Eugene Office
       Oregon Circuit Courts for Lane County
       ZBA Law, LLP; Jeffrey A. Myers
       ZBS Law, LLP
       Century Twenty-One Real Estate
       Clifton G. Harrold, Lane County Sheriff